**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**EDDIE S HILL,**

    **Plaintiff,**

v.                                                           Case No:  2:11-cv-242-FtM-29SPC

**LEE COUNTY SHERIFFS OFFICE,**
**JACK LONG, BARBARA BERG,**
**JONATHAN WASHER, MIKE**
**SCOTT, EVERBANK and FRANK**
**HEINZ,**

    **Defendants.**
_____/

## ORDER

This matter comes before the Court on Defendants' Unopposed Motion to Postpone Mediation and to Attend Telephonically (Doc. #84) filed on September 7, 2012.  Plaintiff has not filed a motion in opposition to Defendants' Motion. Accordingly, this matter is now ripe for review.

The Motion before the Court presents two issues. The first is whether the Court should grant, Defendants, EverBank and Frank Heinz's (collectively "Defendants"), request to postpone mediation. The second is whether the Court should grant Defendant, EverBank's, request to appear at mediation telephonically. The Court will address each issue in turn.

    a.   <u>Should the Court Postpone Mediation</u>

Defendants assert that to allow mediation to continue as scheduled would be counterproductive. The current mediation date is set for September 28, 2012. Defendants note that for mediation to be productive, the parties must understand the claims and defenses and the issue(s) in this litigation. In order for the parties to fully understand the issue(s) in this litigation

the Court must first resolve two pending motions, which according to Defendants seems unlikely to occur prior to mediation. The first, a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment (Doc. # 44) was filed on December 27, 2011, by Defendants Lee County Sheriff's Office, Deputy Jack Long, Detective Barbara Berg, Sheriff Mike Scott, and Sergeant Jonathan Washer. Defendants filed the second pending Motion to Dismiss (Doc. # 66) on April 18, 2012.

Rule 6(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part that, "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time…before the original time or its extension requires." The Court finds Defendants' argument persuasive. To allow mediation to continue when two outstanding motions exist, which could limit the issue(s) of this case or potentially end it is counterproductive. As such, the Court finds good cause to postpone mediation until the Court rules on the pending Motions to Dismiss the Amended Complaint.

b. *Should Everbank be Allowed to Appear at Mediation Telephonically*

Turning to the second issue, Defendant, EverBank, requests that the Court grant it leave to appear telephonically at mediation once a date is set. Generally, telephonic hearings for conferences are encouraged by the Court where they are feasible. Fischer v. District School Bd. Of Collier County, 2010 WL 3522215 *1 (M.D. Fla. Sept. 7, 2010). Moreover, pursuant to M.D. Fla. Local Rule 3.01(i), "the use of telephonic hearings and conferences is encouraged, whenever possible, particularly when counsel are located in different cities." Here, however, EverBank's request is premature. The mediation date is not scheduled and may change again. Therefore, granting Everbank's Motion to Appear Telephonically is not feasible at this point in litigation.

Accordingly, it is now

**ORDERED:**

Defendants' Unopposed Motion to Postpone Mediation and to Attend Telephonically (Doc. #84) is **GRANTED in part and DENIED in part**.

1. Defendants, EverBank and Frank Heinz's, request to postpone mediation until the Court rules on their pending Motions to Dismiss is **GRANTED**. The Parties are to set a mediation date within **twenty (20) days** of the Court ruling on the Motions to Dismiss and advise the Court.

2. Defendant, EverBank's, request to appear at mediation telephonically is **DENIED without prejudice** as premature. Defendant may move again if and when mediation is set.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of September, 2012.

*(signed)* SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record