UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDDIE SNYDER HILL,

                Plaintiff,

vs.                              Case No.   2:11-cv-242-FtM-29UAM

LEE COUNTY SHERIFF'S OFFICE, DEPUTY
JACK LONG, DETECTIVE BARBARA BERG,
SGT. JONATHAN WASHER, MIKE SCOTT,
EVERBANK and FRANK HEINZ, all
individually and in their official
capacities,

                Defendants.

_____


**<u>OPINION AND ORDER</u>**

      This matter comes before the Court on Defendant Everbank and Heinz's Motion to Dismiss (Doc. #97) filed on December 4, 2012. Plaintiff filed a response on December 19, 2012.  (Doc. #100.)  For the reasons set forth below, the motion is granted.

**I.**

      The Amended Complaint alleges the following:

      Between February 12, 2008, and July 31, 2008, plaintiff Eddie Snyder Hill (Hill) was the victim of identity theft.  In particular, someone stole his wallet which contained his social security card and Florida identification card.

      On November 17, 2008, an unidentified man attempted to use Hill's identity at Everbank to cash a payroll check.  The following day, Community Service Aid Jack Long was dispatched to an Everbank branch office in Lee County, Florida where he met with bank

employee Frank Heinz (Heinz).   Heinz informed Jack Long that: a "black male" entered the bank to attempt to cash the check; the male was nervous; the male presented a Florida identification card that contained a photograph of a dark skinned black male with a beard and a social security card which bore Hill's name; Heinz contacted the business who issued the check and was advised by the business that the check was false; and the man told Heinz he had a child waiting in the car, then exited the bank leaving behind Hill's identification card and social security card.

On December 4, 2008, seventeen (17) days after the unidentified man attempted to cash the check, Detective Barbara Berg returned to the Lee County branch of Everbank.  Detective Berg prepared a photographic line-up and asked Heinz to identify the perpetrator.   Heinz identified Hill.   Prior to reviewing the photographic line-up, Heinz did not review 24 still pictures that had been taken by Everbank's security camera.  Hill asserts that had Heinz reviewed these photographs, it would have been clear that the perpetrator and Hill were not the same person.

Hill was ultimately arrested and charged with uttering a forged instrument and grand theft.   The case was dismissed as "*nolle prosequi*" on December 11, 2009.

Relevant to the subject motion, Counts V and VI of plaintiff's Second Amended Complaint assert a cause of action for malicious

prosecution against Everbank and Heinz (collectively, defendants).[1]
In Count V, plaintiff premises Everbank's responsibility on the
theory of *respondeat superior*.   Defendants seek to dismiss these
counts pursuant to Fed. R. Civ. P. 12(b)(6).   Plaintiff argues to
the contrary.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint
must contain a "short and plain statement of the claim showing that
the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This
obligation "requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will not
do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation
omitted).   To survive dismissal, the factual allegations must be
"plausible" and "must be enough to raise a right to relief above
the speculative level." Id. at 555.  See also Edwards v. Prime
Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more

---

[1]The Court notes that this action was initially filed *pro se*
by plaintiff Hill. (Doc. #1.)  Hill filed an Amended Complaint on
September 19, 2011. (Doc. #19.)  Thereafter, the defendants filed
motions to dismiss.   (Docs. ##44, 66.)   On August 29, 2012,
attorney C. Edward McGee, Jr. filed a notice of appearance on
behalf of plaintiff.  Counsel failed to request leave of the Court
to amend the pleadings or to otherwise respond to the pending
motions.  As a result, on September 24, 2012, the Court issued an
Opinion and Order granting the motions and dismissing the matter
with prejudice. (Doc. #86.)  Thereafter, plaintiff filed a Rule 59
and Rule 60 motion (Doc. #88).   The Court found that the parties
had come to a mutual decision prior to the entry of the Opinion and
Order to allow further amendments to the pleadings, and therefore
vacated the Opinion and Order to the extent it was "with
prejudice".  (Doc. #95.)

than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

Hill's Amended Complaint does not make clear whether Counts V and VI assert a malicious prosecution claim pursuant to 42 U.S.C. § 1983, Florida law, or both. None of the parties, however, make any arguments under Section 1983. To the extent that Counts V and VI intended to include a 1983 claim for malicious prosecution, both

counts are dismissed for the same reasons set forth in the Court's

September 24, 2012, Opinion and Order.   (Doc. #86, pp. 13-15.)

There are no allegations in the Amended Complaint that indicate

that either of these defendants were "state actors" for purposes of

Section 1983.

To the extent these counts are brought pursuant to Florida

law, the elements of this Florida tort are:

> (1) an original criminal or civil judicial proceeding
> against the present plaintiff was commenced or continued;
> (2) the present defendant was the legal cause of the
> original proceeding against the present plaintiff as the
> defendant in the original proceeding; (3) the termination
> of the original proceeding constituted a bona fide
> termination of that proceeding in favor of the present
> plaintiff; (4) there was an absence of probable cause for
> the original proceeding; (5) there was malice on the part
> of the present defendant; and (6) the plaintiff suffered
> damage as a result of the original proceeding.

Fernander v. Bonis, 947 So. 2d 584, 589 (Fla. 4th DCA 2007)

(citation omitted).   The failure of a plaintiff to establish any

one of these six elements is fatal to a claim of malicious

prosecution.   Kingsland, 382 F.3d at 1234.

Heinz and Everbank allege that at least three elements of the

malicious prosecution claims cannot be met: legal cause, malice,

and probable cause.   Heinz and Everbank allege that the Complaint

lacks any allegations that either defendant "attempted to influence

the decision of the sheriff's office or the State's Attorneys

Office."   (Doc. #97, p. 4.)   In response, Hill asserts that Heinz

and Everbank maliciously made false representations to the Lee

County Sheriff's Office regarding Hill and that these false statements proximately resulted in Hill's arrest. Further, Hill asserts that both defendants "instigated or directly procured Plaintiff's arrest." (Doc. #100, p. 12.)

With respect to the first element, legal cause, "[t]he general rule is that if the defendant merely gives a statement to the proper authorities, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer or if the officer makes an independent investigation, the defendant is not regarded as having instigated the proceeding. However, if the defendant's persuasion is the determining factor in inducing the officer's decision or if he gives information which he knew to be false and so unduly influences the authorities, then the defendant may be held liable." Orr v. Belk Lindsey Stores, Inc., 462 So. 2d 112, 114 (Fla. 5th DCA 1985)(citations omitted).

Contrary to plaintiff's response, there are simply no allegations in the Second Amended Complaint which even suggest that Heinz instigated Hill's arrest or directly procured his arrest. Other than conclusory allegations, there is no factual support that Heinz encouraged the authorities to take action against Hill. Further, the Second Amended Complaint contains no factual allegations that suggest Heinz knew his statements to Community Service Aid Long were false or that his identification of Hill was made with actual knowledge that Hill was not the true perpetrator.

Rather, the Second Amended Complaint alleges that had Heinz reviewed the 24 photographs from the bank's security camera, he would have known that the unidentified man was not Hill. Accordingly, plaintiff has failed allege the first element of malicious prosecution under Florida law.  This alone is fatal to his claim.  <u>Kingsland</u>, 382 F.3d at 1234.

Further, there are no allegations in the Amended Complaint which indicate any malice on behalf of either defendant.  The malice requirement is a "legal malice" which "requires proof of an intentional act performed without justification or excuse", and "may be inferred from one's acts, and-unlike actual malice-does not require proof of evil intent or motive." <u>Olson v. Johnson</u>, 961 So. 2d 356, 359 (Fla. 2d DCA 2007) (internal quotation marks and citations omitted).   The Second Amended Complaint contains no factual allegations which indicate any intentional act by Heinz to wrongfully identify Heinz.  At most, the Second Amended Complaint alleges that Heinz was negligent in his identification of Hill because he failed to review the security camera footage prior to participating in Detective Berg's photographic line-up.  This does not rise to the level of malice required in a malicious prosecution claim, particularly where Heinz did not have an affirmative legal duty to review these documents.  Accordingly, Counts V and VI fail to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Accordingly, it is now

**ORDERED**:

Defendant Everbank and Heinz's Motion to Dismiss (Doc. #97) is **GRANTED**.   Counts IV and V of the Second Amended Complaint (Doc. #96) are **DISMISSED WITH PREJUDICE.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of August, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record