```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

EDDIE SNYDER HILL,

                  Plaintiff,

vs.                              Case No. 2:11-cv-242-FtM-29UAM

LEE COUNTY SHERIFF'S OFFICE, DEPUTY
JACK LONG, DETECTIVE BARBARA BERG,
SGT. JONATHAN WASHER, MIKE SCOTT,
EVERBANK and FRANK HEINZ, all
individually and in their official
capacities,

                  Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendants' Lee County Sheriff's Office (LCSO), Community Service Aid (CSA) Jack Long[1], Detective Barbara Berg, Sergeant Jonathan Washer, and Sheriff Mike Scott's (collectively, defendants) Motion to Dismiss, or the in the Alternative, Motion for Summary Judgement filed on December 4, 2012. (Doc. #98.) Plaintiff filed a response on December 19, 2012. (Doc. #101.) For the reasons set forth below, the motion is granted.

## I.

Some procedural history is warranted. This action was initially filed *pro se* by plaintiff Eddie Snyder Hill (Hill). (Doc. #1.) Hill filed an Amended Complaint on September 19, 2011.

---

[1] The Second Amended Complaint incorrectly identifies this defendant as "Deputy" Jack Long.

(Doc. #19.) Thereafter, the defendants filed motions to dismiss, and in the alternative, motions for summary judgment. (Docs. ##44, 66.) On August 29, 2012, attorney C. Edward McGee, Jr. filed a notice of appearance on behalf of plaintiff. Counsel failed to request leave of the Court to amend the pleadings or to otherwise respond to the pending motions. As a result, on September 24, 2012, the Court issued an Opinion and Order granting the motions and dismissing the matter with prejudice. (Doc. #86.)

Thereafter, plaintiff filed a Rule 59 and Rule 60 motion (Doc. #88). The Court found that the parties had come to a mutual decision prior to the entry of the Opinion and Order to allow further amendments to the pleadings and therefore vacated the Opinion and Order to the extent it was "with prejudice". (Doc. #95.) Plaintiff filed a Second Amended Complaint on November 21, 2012. (Doc. #96.)

**II.**

The following facts are undisputed and taken in the light most favorable to the non-moving party:

Between February 12, 2008, and July 31, 2008, plaintiff Eddie Snyder Hill (Hill) was the victim of identity theft. In particular, someone stole his wallet which contained his social security card and Florida identification card.

On November 17, 2008, an unidentified man attempted to use Hill's identity at Everbank to cash a payroll check. The following

day, CSA Jack Long was dispatched to an Everbank branch office in Lee County, Florida where he met with bank employee Frank Heinz (Heinz). Heinz informed the Deputy that: a "black male" entered the bank to attempt to cash the check; the male was nervous; the male presented a Florida identification card that contained a photograph of a dark skinned black male with a beard and a social security card which bore Hill's name; Heinz contacted the business who issued the check and was advised by the business that the check was false; and the man told Heinz he had a child waiting in the car, then exited the bank leaving behind Hill's identification card and social security card. The Everbank security camera captured 24 still pictures of the incident.

On December 4, 2008, seventeen (17) days after the unidentified man attempted to cash the check, Detective Barbara Berg returned to the Lee County branch of Everbank. Detective Berg prepared a photographic line-up and asked Heinz to identify the perpetrator. Heinz identified Hill. Neither Berg nor Hill viewed the 24 still pictures from the bank's surveillance camera. Hill asserts that had these still pictures been reviewed, it would have been clear that the perpetrator and Hill were not the same person.

On December 15, 2008, Detective Barbara Berg submitted a probable cause affidavit asserting there was probable cause to arrest Hill for uttering a forged instrument in violation of Florida Statutes § 831.02 and committing grand theft in violation

of Florida Statutes § 812.014. Detective Berg never reviewed the surveillance photographs prior to submitting her probable cause affidavit and she did not attach the photographs to her affidavit. On April 15, 2009, a warrant for Hill's arrest was issued. The case was dismissed as "*nolle prosequi*" on December 11, 2009.

**III.**

**A. Motion to Dismiss**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v.

Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**B. Motion for Summary Judgment**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id.

The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 840 (11th Cir. 2000). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court is required to consider the evidence in the light most favorable to the nonmoving party. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000); Jaques v. Kendrick, 43 F.3d 628, 630 (11th Cir. 1995). The Court does not weigh conflicting evidence or make credibility determinations. Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d at 1225. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Tullius v. Albright, 240 F.3d 1317, 1320 (11th Cir. 2001)(citing Clemons v. Dougherty Cnty., 684 F.2d 1365, 1369 (11th Cir. 1982)). However, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the

outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003). A genuine issue of material fact exists only if there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. Id.

## III.

### A. Lee County Sheriff's Office

It is unclear whether Count I of the Second Amended Complaint is asserted against the LCSO, Michael Scott, or both. To the extent that Count I attempts to assert a cause of action against the Lee County Sheriff's Office pursuant to Section 1983, this Court's September 24, 2012, Opinion and Order has already determined that the LCSO is an improper Section 1983 defendant. (See Doc. #86, p. 12.) For those same reasons, Count I of the Second Amended Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as to the Lee County Sheriff's Office.

### B. Individually Named Defendants

Counts II through IV are asserted against Jack Long, Detective Berg, and Jonathan Washer, respectively. These counts allege that each defendant

> acted either in bad faith and with malicious purpose and with the specific intent to deprive Plaintiff, or with reckless disregard for, the following rights, privileges, and immunities secured to him by the Constitution of the United States, specifically including but not limited to: (a) the right of the Plaintiff to not be deprived of life, liberty or property without due process of law; (b) the right to equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States; and (c) the right to be free from having law

> enforcement officers submit false and misleading affidavits under oath and intentionally omitting evidence providing his innocence in the criminal investigation which falsely led to his, and.

(Doc. #96, ¶¶41, 46, 53.) After the "and", no other violation of rights is alleged. According to the Response to the subject motion, counsel intended to assert false arrest claims against these defendants. (Doc. #101, p. 12.) Thus, the Court will deem these counts to assert false arrest claims under the Fourth Amendment, and other claims are deemed abandoned and will be dismissed.

### a. Official Capacity Claims

In plaintiff's Response, counsel seemingly seeks to voluntarily dismiss any official capacity claims by stating: "[b]y way of clarification, Plaintiff is not pursuing in [sic] 'custom, policy, or practice' claims against any of the Defendants herein." (Doc. #101, p. 12.) The official capacity claims in Counts I through V of the Second Amended Complaint are dismissed with prejudice.

### b. Individual Capacity Claims

Paraphrasing its prior Opinion and Order, the Court notes that the Second Amended Complaint

> seemingly suggests that all of the [individually named] defendants are responsible for plaintiff's arrest and resulting detainment. However, the facts alleged in the [Second Amended Complaint] demonstrate that Long's only involvement in this matter was his investigation on the day of the crime, which was subsequently taken over by Berg. Mike Scott is not alleged to have had any personal

-8-

> involvement, and Jonathan Washer's involvement is limited to reviewing Barbara Berg's work.

(Doc. #86, p. 25.)  However, as was the case in the Court's September 24, 2012, Opinion and Order, the Court finds that qualified immunity is appropriate, and the defendants are entitled to summary judgment on these claims.

Plaintiff asserts that there are disputed material facts regarding plaintiff's arrest. However, the linchpin of plaintiff's argument is that the defendants should have reviewed the surveillance photographs, and their failure to do so warrants a finding of an absence of probable cause.  It is undisputed that none of the defendants reviewed the surveillance photographs. Accordingly, there are no genuine issues of material fact which preclude summary judgment.

The Court's previous Opinion and Order rejected plaintiff's argument that the failure to review the surveillance camera warrants a finding that there was no arguable probable cause for plaintiff's arrest.  (Doc. #86, pp. 32-33.)  The Court noted that "in deciding whether probable cause exists, an officer is 'not required to sift through conflicting evidence or resolve issues of credibility, so long as the totality of the circumstances present a sufficient basis for believing that an offense has been committed.  Nor does probable cause require certainty on the part of the police."  (Doc. #86, p. 33) citing <u>Dahl v. Holley</u>, 312 F.3d 1228, 1234 (11th Cir. 2002)(citations omitted).

Plaintiff has failed to provide any new arguments or produce any additional evidence that warrant a different finding. Thus, for the reasons set forth in this Court's previous Opinion and Order, summary judgment is granted in favor of the individually named defendants. (Doc. #86, pp. 25-33.)

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion to Dismiss Second Amended Complaint or, in the Alternative, Motion for Summary Judgment (Doc. #98) is **GRANTED**:

    A. Count I, to the extent is asserts a claim against the Lee County Sheriff's Office is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6).

    B. Counts II through IV, to the extent they assert a claim pursuant to 42 U.S.C. § 1983 other than false arrest, are **DISMISSED WITH PREJUDICE.**

    C. Counts I through IV, to the extent they assert claims against the individually named defendants in their official capacities are **DISMISSED WITH PREJUDICE.**

    D. Summary judgment as to Counts I through IV is **GRANTED** in favor of defendants Community Service Aid Jack Long, Detective Barbara Berg, Sergeant Jonathan Washer, and Sheriff Mike Scott and against plaintiff Eddie Snyder Hill pursuant to Fed. R. Civ. P. 56.

2.   The Clerk is directed to enter judgment accordingly, terminate all pending motions and deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this   14th   day of August, 2013.

                                             _John E. Steele_
                                             JOHN E. STEELE
                                             United States District Judge


Copies: Counsel of record